UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                -v-                      :       20cr179-08 (DLC)
                                         :
NDUKWE ANYAOGU,                          :          OPINION AND
                            Defendant.   :            ORDER
                                         :
---------------------------------------- X

For the petitioner:
Mark S. DeMarco
52 Duane Street, 7th Floor
New York, New York 10007

For the United States:
Kevin Mead
Jun Xiang
Assistant U.S. Attorneys
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On March 24, 2024, defendant Ndukwe Anyaogu moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines. The motion is denied.

## Background

On July 20, 2023, Anyaogu pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. 1349 and pursuant to a plea agreement with the Government. In the agreement, the parties stipulated to a Guidelines range of 27 to 33 months' imprisonment based on an offense level of 18 and criminal history category of I.

The defendant participated in a wide-ranging conspiracy to defraud businesses and individuals and launder the proceeds of the frauds.  The defendant laundered money from three of the schemes.  The defendant assisted in the transfer and laundering of $380,000 that had been stolen from an estate.  He laundered $196,000 that had been taken by fraud from a public organization in St. Martin that provides health insurance and pension services to its country's residents.  Finally, over $4 million was taken from a European company, and over $200,000 of that amount was sent to the defendant.

Roughly three years elapsed between the unsealing of criminal charges against the defendant and his arrest.  The defendant was in Nigeria when the criminal complaint naming him was unsealed in February of 2020.  At that time, law enforcement agents executed a search warrant at his home and spoke to his wife.  A few months later, an attorney advised the Government that the defendant was aware of the charges.  The defendant was arrested on February 23, 2023, when he flew to the United States from Nigeria.

The Presentence Report also calculated the defendant's Sentencing Guidelines range as 27 to 33 months' imprisonment, based on an offense level of 18 and a criminal history category of I.  The Probation Department recommended a sentence of 24

months, and the defendant sought a variance and requested leniency.  The Government requested a sentence of 33 months' imprisonment.  In its sentencing submission, the Government acknowledged that Amendment 821 to the Sentencing Guidelines would imminently take effect and reduce the defendant's Guidelines range but requested a sentence at the top of the current Guidelines range.  On October 31, 2023, the defendant was sentenced principally to a term of 33 months' imprisonment.

On March 24, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The Amendment went into effect on November 1, 2023 and applies retroactively.  On March 29, 2024, the United States Probation Department issued a report indicating that the defendant is eligible for a sentence reduction.  On April 29, the defendant filed a supplement to support his motion for a sentence reduction.  Anyaogu is scheduled to be released from custody on May 13, 2025.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that

modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782).  In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437.  If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence.  Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors.  Those aggravating factors include that the defendant "did not personally cause substantial financial hardship."  U.S.S.G. § 4C1.1(a)(6).  Amendment 821 was informed by studies of recidivism which showed that offenders

5

with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment.  The Sentencing Commission noted as well that the exclusionary criteria identified by the Commission were also informed "by extensive data analyses and public comment."  Id.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction.  Id. § 1B1.10, Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

Anyaogu received no criminal history points at the time of his sentencing. If Amendment 821 reduces his offense level by two levels, it would be lowered from 18 to 16. As a consequence, Anyaogu's Guidelines range would be lowered from the original range of 27 to 33 months to a range of 21 to 27 months. It is also true, however, that he may be ineligible for any adjustment because he personally caused "substantial financial hardship."

It is unnecessary to resolve whether Anyaogu qualifies for a sentence reduction pursuant to Amendment 821. The § 3553(a) factors do not support any reduction in his sentence.

As noted already, at the time of his sentencing, the Government explained that § 4C1.1 of the Guidelines would take effect the day after the sentencing, and that should the defendant qualify for its reduction of his offense level, his Guidelines range would be lowered to 21 to 27 months' imprisonment. The Government argued for a sentence at the top of the current range, however, to avoid rewarding the defendant for his three-year flight from justice, to avoid unwarranted sentencing disparities with those co-defendants who had already been sentenced, and to account for other § 3553(a) factors. Anyaogu's co-defendants had received sentences from as low as probation to as high as 84 months' imprisonment. The Government

identified the defendant as most similarly situated to two defendants who had received sentences of 33 months' imprisonment.

At the October 31, 2023 sentencing, the Court described in detail why it imposed the 33 month sentence, including the need for individual deterrence and to avoid unwarranted sentencing disparities. The Court also found that the defendant deliberately chose not to return to the United States to face these criminal charges as soon as it was feasible for him to do so. The Court added that the "sentence I impose today would be the same whether or not the guidelines amendment had already gone into effect." Having reviewed all relevant materials again, including the submissions made by the defendant in support of this application, the Court concludes that the § 3553(a) factors weigh strongly against any reduction in the defendant's sentence.

### Conclusion

Anyaogu's March 24, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10 is denied.

Dated:   New York, New York
         July 19, 2024

DENISE COTE
United States District Judge

8